CASSIE SUE ZARUBA GALINDO COLBY,

                Plaintiff,

v.                                                                  Case No.19-cv-883-pp

LAKE HALLIE POLICE DEPARTMENT,
and CHIPPEWA COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

**ORDER GRANTING PLAINTIFF'S NON-PRISONER MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), DENYING AS MOOT PLAINITFF'S PRISONER MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING AMENDED COMPLAINT (DKT. NO. 5)**

Plaintiff Cassie Colby, who is representing herself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated her civil rights. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. nos. 2, 6, and screens her amended complaint, dkt. no. 5.

### I. Motions for Leave to Proceed without Prepaying the Filing Fee (Dkt. Nos. 2, 6)

At the time the plaintiff filed the complaint on June 14, 2019, she was in custody at the Chippewa County Jail. Dkt. No. 1 at 5. Along with the complaint, she filed a "Prisoner Request to Proceed in District Court without Prepaying the Full Filing Fee." Dkt. No. 2. The Clerk of Court then sent her a letter asking her to submit her six-month certified prisoner trust account statement. Dkt. No. 3.

1

Ten days later, the plaintiff filed an amended complaint. Dkt. No. 5. Along with the amended complaint, she filed a "Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee." Dkt. No. 6. She explained in a letter filed several days later that she was no longer in custody at the county jail; she had been placed in a Department of Corrections treatment facility that did not have trust accounts and she expected to be there for about 120 days. Dkt. No. 8.

Whether the plaintiff is a "prisoner" for purposes of the Prison Litigation Reform Act is determined based on the plaintiff's custody status at the time she files the complaint. The plaintiff was a prisoner at the time she filed the complaint on June 14, 2019. According to the allegations in the complaint, she had been in custody since February 26, 2019—almost four months. Dkt. No. 1 at 2. The "prisoner" request she filed with the complaint advised the plaintiff to attach a certified copy of her prison trust accounts statement showing the transactions for the six-month period immediately preceding the filing of the request. Dkt. No. 2 at 1. But the plaintiff wrote at the bottom of the page, "Jail will not provide this for me per Captain due to no funds on my account unless court ordered by a judge." Id. Given the plaintiff's representation that she had no funds in her trust account when she filed the complaint, and the fact that by the time she filed the amended complaint, she was in a facility that did not use trust accounts, the court will not require the plaintiff to provide a certified copy of her trust account statement.

A court may allow a plaintiff to start a case in federal court without prepaying the full civil case filing fee ($350) if she submits an affidavit with a list of all the assets she possesses along with a statement that she is unable to pay the fees. 28 U.S.C. §1915(a)(1). The plaintiff submitted a statement indicating that she has no employment or income. Dkt. No. 6. She indicated that she owed child support and had household expenses, that she was in a Department of Corrections facility and that she would pay when she could. Id. The court is satisfied that the plaintiff meets the indigency requirements of 28 U.S.C. §1915(a). The court will grant the plaintiff's "non-prisoner" motion for leave to proceed without prepayment of the filing fee, dkt. no. 6, and will deny as moot her "prisoner" motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The court will waive the initial partial filing fee and allow the plaintiff to pay the full filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

A.     Federal Screening Standard

When a court allows a plaintiff to proceed without prepaying the filing fee, the law requires that the court "shall dismiss the case at any time" if it determines that the plaintiff's claims are frivolous or malicious, that the complaint fails to state a claim upon which relief may be granted or that the complaint seeks monetary damages from a defendant who is immune from such damages. 28 U.S.C. §1915(e)(2)(B).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

According to the amended complaint, on or around February 26, 2019, the plaintiff was "drugged and possibly assaulted" by an assailant, so, while the assailant was still present, she called 911 and pretended to order food. Dkt. No. 5 at 2. The 911 operator asked if the plaintiff knew that she had called 911 and if she was in danger. Id. The plaintiff responded "yes." Id.

Police officers then arrested the plaintiff and her assailant due to probation warrants. Id. The plaintiff tried to tell the police officers what had happened but she says that they wouldn't listen to her or help. Id. The plaintiff asserts that she continued to ask for help from the officers and from jail staff, but again alleges that no one would help her. Id. She says that she told "the arresting officers, jail staff, drug task force, and [her] parole officer." Id. at 3. The plaintiff contends that after several written and verbal complaints, she was finally "seen" six days after the incident; she says that once she was seen and brought to the hospital, it was too late to do a "kit" at the hospital. Id. at 3. She reports that the hospital staff examined her but that they were unable to do "proper testing" due to the length of time." Id. The plaintiff states that "they" failed to protect her and "continued to provoke and retaliate." Id.

For relief, the plaintiff says that she wants "anyone involved to be convicted/reprimanded" and that she wants financial relief, as well as "no one having to experience the same thing . . . ." Id. at 4.

5

C. <u>Analysis</u>

Section 1983 allows a plaintiff to sue any "person who violates the plaintiff's constitutional rights while acting under the color of state law. 42 U.S.C. §1983. The "Chippewa County Sheriff's Department" and "Lake Hallie Police Department" are not "persons" for purposes of §1983. A police department is not a separate entity that can be sued under §1983. <u>Norman v. City of Evanston</u>, 176 F. App'x. 666, 667 (7th Cir. 2006); <u>Averhart v. City of Chi.</u>, 114 Fed. App'x 246, 247 (7th Cir. 2004) (citations omitted). The same is true of a county sheriff's department—it is not "a legal entity separable from the county government which it serves and is therefore, not subject to suit." <u>Whiting v. Marathon Cty. Sheriff's Dept.</u>, 382 F.3d 700, 704 (7th Cir. 2004) (citation omitted). The plaintiff cannot proceed against these defendants.

The plaintiff *does* allege that various unidentified police officers and individuals at the county jail failed to protect her and retaliated against her. She has not identified these individuals or provided details about what they allegedly said or did to violate her constitutional rights. Broad, vague assertions such as "the defendants failed to protect me" and "the defendants retaliated against me" are not enough to state a claim upon which relief can be granted. The plaintiff must provide the court with some basic facts about what happened during her interactions with these individuals, so that it can determine whether those facts, taken as true, state a claim for failure to protect or retaliation. The amended complaint fails to state a claim upon which a federal court can grant relief.

The court will give the plaintiff an opportunity to file a second amended complaint. When writing her second amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) Where did each person violate her rights?; and 4) When did each person violate her rights? The plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court (and each defendant) with notice of what each defendant allegedly did or did not do to violate her rights. If the plaintiff does not know the name of the particular police officer or jail staff member whom she believes violated her rights, she can use the placeholder names "John Doe" or "Jane Doe," along with a description—"John Doe officers 1-4 who reported to the address at XXX North Main Street in Smalltown, Wisconsin at around 5:50 p.m. on February 26, 2019," for example.

The court is enclosing a copy of its complaint form and instructions. The plaintiff must write "Second Amended" next to "Complaint" at the top of the first page of the form. She must list the case number for this case on the first page. She must list all the defendants she wants to sue in the caption of the amended complaint. She should use the spaces on pages two and three to explain the key facts that give rise to the claims she wishes to bring and to describe which defendants she believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced, so that the court can read

7

them. The second amended complaint takes the place of the prior complaints and must be complete in itself. The plaintiff cannot refer the court back to her original or amended complaint for additional facts or allegations.

### III. Conclusion

The court **GRANTS** the plaintiff's non-prisoner motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DENIES** as moot the plaintiff's prisoner motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from her institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the plaintiff's first amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. Dkt. No. 5.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, she must do so in time for the court to receive it by the end of the day on **September 4, 2020**.

If the plaintiff files a second amended complaint by the above deadline, the court will screen it as required by 28 U.S.C. §1915A. If the plaintiff does not file a second amended complaint by the deadline, the court will dismiss the case because the complaint fails to state a claim upon which the court can grant relief.

The plaintiff must submit the amended complaint or any other court filings to the court at the following address:

>	Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	362 United States Courthouse
>	517 E. Wisconsin Avenue
>	Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if she fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on her failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders

or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 4th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**